STATE of Tennessee, Appellee,

v.

Robert Ford WATKINS, Jr., Appellant.

Court of Criminal Appeals of Tennessee.

Aug. 14, 1980.

Permission to Appeal Denied by Supreme Court Nov. 3, 1980.

Charles O. Ragan, Jr., Jerry H. Summers, Chattanooga, for appellant.

William M. Leech, Jr., State Atty. Gen. and Reporter, Robert L. Jolley, Jr., Senior Asst. State Atty. Gen., Nashville, Jerry Sloan, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

BYERS, Judge.

The defendant appeals under Rule 10, *T.R.A.P.*, from an order of the trial court which affirmed the refusal of the District Attorney General to enter into a pretrial diversion agreement with him.

The judgment is affirmed.

The defendant, and two other people, were arrested and found to be in possession of three pounds of marihuana.

The defendant has no prior record in Hamilton County. He was convicted of public drunkenness in Walker County, Georgia, in 1970. A charge of possession of marihuana was dismissed there in 1974. Additionally, he had two traffic violations.

The defendant is married and has one child, is a high school graduate and attended junior college for one and one–half years. He is an assistant manager of McDonalds in Dalton, Georgia, and worked at Combustion Engineering prior to working at McDonalds.

The District Attorney General refused to enter into a pretrial diversion program on the basis of the circumstances of the offense, the defendant's prior record and the deterrent effect of vigorous prosecution of drug cases in the community which he characterized as having a serious crime problem related to drugs. The District Attorney General further says he is opposed to the diversion program as a matter of policy.

■ When reviewing the refusal of a District Attorney General to enter into a memorandum of understanding under the Pretrial Diversion Act, the trial judge may only determine if the District Attorney General has abused the discretion conferred on him by the pretrial diversion statute.

See *Pace v. State*, 566 S.W.2d 861 (Tenn. 1978) and *Murray v. State*, 586 S.W.2d 839 (Tenn.Cr.App.1979). This act being akin to the probation act under which trial judges may suspend sentences and place people convicted of crimes on probation, the same rule of review by the appellate courts of a trial judge's action in those cases is applicable to the trial judge's review of the action of the District Attorney General in refusing to enter into a memorandum of understanding.

■ In reviewing the action of the District Attorney General, the trial court must view the decision of the District Attorney General to be "... presumptively correct and it should only be set aside on the basis of patent or gross abuse of prosecutorial discretion." See concurring opinion of Justice Henry in *Pace v. State, supra.*

■ Before the trial judge can find the District Attorney General has abused the discretion granted in the Pretrial Diversion Act, the record must show an absence of any substantial evidence to support the refusal of the District Attorney General to enter into a memorandum of understanding. *Cf. State v. Grear*, 568 S.W.2d 285 (Tenn.1978).

■ The trial court may not substitute its judgment for that of the District Attorney General when the decision of the District Attorney General is supported by evidence. See *State v. Grear, supra.* At the hearing on this cause, the District Attorney General offered no evidence, but relied upon his answer to the defendant's petition.

■ This is insufficient. The trial judge, in this type hearing, must base his finding upon evidence presented by the competing parties. If the defendant presents evidence which shows entitlement to pretrial diversion, and the evidence is unrefuted by the State, the trial judge would have no recourse but to find the District Attorney General had abused his discretion and order pretrial diversion for the defendant, unless the diversion would be prohibited because it would be unlawful. If, on the other hand,

the evidence of the defendant shows him not to be entitled to diversion, the trial judge may reject the application.

The District Attorney General's refusal to enter into a pretrial diversion agreement because he is opposed to the diversion program as a matter of policy is misdirected.

The public policy of the state lies with the Legislature. The Legislature, by enacting the Diversion Act, has declared this program to be the public policy of this state.

The District Attorneys General, as officers whose duty it is to carry out the law of this state, are bound to carry out the law they deem unwise as well as the law they deem wise.

The courts, whose duty it is to administer the law, must apply the applicable law of the state whether they deem the law to be wise or unwise.

The District Attorney General, if he wishes to change the public policy of the state, should direct his argument to the Legislature in an effort to persuade that body to change the diversion law or repeal it in its entirety. Neither District Attorneys General or the courts can nullify the law of the state which meets constitutional requirements because they do not agree with the law. To do so would destroy our representative form of government and lead to uneven and capricious application of the law in the several judicial districts of the state, not to mention the prospect of an anarchistic pattern of administering the laws of the state.

The District Attorney General relies upon the need to deter the traffic in drugs which he characterizes as being of serious proportion and which he says is a factor in other crimes. This is a valid reason for refusing to enter into a memorandum of understanding. The State, however, offered no proof of this claim. The answer, which was filed, asserted several Grand Juries in Hamilton County had made this finding. However, the reports of the Grand Jurors were not offered in evidence to support this claim. Neither did the State offer any other evidence on this allegation.

In dealing with the circumstances of the offense, we find from this record, the trial court could properly find the defendant was in possession of three pounds of marihuana which is indicative of more than a casual flirtation with marihuana and is a sufficient basis for the refusal of the Attorney General to enter into a memorandum of understanding.

On appeal from the action of the trial judge in determining whether a District Attorney General has abused or not abused his discretion, we review the case not to determine if the trial judge has abused his discretion but to determine if the evidence preponderates against the finding of the trial judge who holds the District Attorney General has or has not abused his discretion vested in that official by the Pretrial Diversion Act.

The evidence in this case supports the finding of the trial judge.

DWYER, J., and JOHN D. TEMPLETON, Special Judge, concur.