**STATE of Tennessee, Appellee,**

v.

**Cleveland POPLAR and Danny Lee Buggs, Appellants.**

Court of Criminal Appeals,
at Jackson.

Dec. 18, 1980.

Paul Garvan Summers, Somerville, for Poplar.

Edward B. Johnson, Somerville, for Buggs.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, Michael W. Whitaker, Dist. Atty. Gen., Somerville, for appellee.

## OPINION

TATUM, Judge.

This is a Rule 9 (Tennessee Rules of Appellate Procedure) appeal from a judgment of the Criminal Court that affirmed the refusal of the District Attorney General to allow pre-trial diversion.

The District Attorney General filed a written assignment of his reasons for declining to enter into memoranda of understanding or to divert prosecution of the defendants. He admits that neither defendant has previous criminal convictions but states, in substance, that the defendants have not shown any overriding reasons as to why they should receive preferred treatment. He states that the circumstances of these defendants are no different from 50% of the criminal defendants in that court, and he assumes the position that the deterrent effect of the criminal law will be eroded by the wholesale diversion of the prosecution of defendants without criminal records.

The Legislature created the pre-trial diversion program by Chapter 352 of the Public Acts of 1975. The scheme of the legislature is set out in T.C.A. § 40–2108. In summary, this code section provides that in cases "where the defendant is charged with a felony and does not have a previous felony conviction or charged with a misdemeanor and does not have a previous misdemeanor conviction," he is entitled to have his prosecution "suspended for a specified period" without being required to plead to the indictment, if he is charged with an offense punishable by confinement for a period of 10 years in the penitentiary or less. The statute contemplates a rehabilitation program for a period not to exceed two years in accordance with a memorandum of understanding between the defendant and the District Attorney General which must be approved by the trial judge. When the defendant has successfully completed the rehabilitation program, then all charges against him must be dismissed without the defendant being tried for the offense with which he is charged. T.C.A. § 40–4001 provides for the destruction of the records of the criminal charge.

In the instant case, we first note that the trial judge apparently conducted a de novo hearing to determine whether the District Attorney General abused his discretion. T.C.A. § 40–2108(b) provides that the defendant has a right to petition for a writ

of certiorari to the trial court for an abuse of prosecutorial discretion. The trial court then must determine whether the prosecuting attorney abused his discretion in refusing to divert a defendant's prosecution. By necessity, a de novo hearing is not appropriate; the trial judge should bring before him only the evidence made available to and considered by the District Attorney General in determining whether to grant a diversion of prosecution. The statute vests discretion only with the District Attorney General and not with the trial judge; for this reason, a determination of whether the District Attorney General abused his discretion could only be determined by considering what evidence was before the District Attorney General when he considered the application for diversion. Since the judgment in this case was rendered, the Court of Criminal Appeals in *State v. Watkins*, 607 S.W.2d 486 (Tenn.Cr.App.1980), has held:

> "This act being akin to the probation act under which trial judges may suspend sentences and place people convicted of crimes on probation, the same rule of review by the appellate court of a trial judge's action in those cases is applicable to the trial judge's review of the action of the District Attorney General in refusing to enter into a memorandum of understanding."

However, since the trial judge, the District Attorney General and the defendants all treated the de novo hearing as appropriate and since nothing is before us to distinguish what evidence was before the trial judge, but not before the District Attorney General, we elect to consider the transcript of the de novo hearing.

The defendant, Poplar, at the time of the hearing, was 22 years of age. He had three children but was unmarried. He testified that he supported these three children although he admitted on cross-examination that the children had all been on Welfare through the Department of Human Services since their birth.

Poplar was laid off from his employment at Harmon International in Hardeman

County due to the present economic situation. He introduced evidence that part-time employment was available to him, and he expressed an intent to accept this employment in the near future. He was recently cited to court for failure to make child support payments, but he has no prior criminal record.

He is charged for committing two crimes of burglarizing two pickup trucks and stealing three firearms which he sold. He admitted committing these crimes for the reason that his mother was in Kansas City and that he did not have any money. There is evidence that he attended church but did not engage in civic or community activities. He lives with his mother in Mississippi, and his mother works. He testified that he assisted his mother financially. There were many witnesses brought by him from Mississippi who recommended to the trial court that his prosecution be diverted.

The District Attorney General and the Circuit Judge indicated that they were experiencing difficulty in determining the criteria for eligibility of persons applying for diversion under this Act. We are in sympathy with them as the Act does not clearly indicate who is entitled to this relief; a literal interpretation would indicate that one charged with a misdemeanor, who had been previously convicted of a misdemeanor, would not be entitled to relief while he would have been entitled to the benefits of this statute had he been convicted of a felony instead of a misdemeanor. T.C.A. § 40–2108.

■ Our cases generally recognize the criteria fixed by statute and judicial decisions for probation applications to be applicable in diversion cases. We hold that the same criteria fixed by law for determining eligibility for a probated or suspended sentence should also be employed by the District Attorney General in determining eligibility for pre-trial diversion. Further, since the Pre-trial Diversion Act relieves the defendant of the burden of being tried or convicted of a crime, though guilty of violating the criminal law, the criteria should be more stringently applied to diversion applicants than probation applicants. It was not intended that this extraordinary relief be granted routinely to first offenders but only to those who can show that they were above-the-average citizens before impulsively committing an offense and that they can be relied upon to practice good citizenship in the future without the deterrent effects of trial and punishment. In the *Watkins,* case *supra,* this court declined to order diversion for a defendant who was charged with possession of marijuana on the ground that the amount possessed indicated "more than a casual flirtation with marijuana."

■ Applying the principles recognized by statutes and judicial decisions as criteria for probated sentences, we find that the District Attorney General was acting within his discretionary power in refusing to enter a diversion agreement with Poplar but that he should have granted diversion to Buggs. Poplar committed two felonies for which he was charged; his social history as above outlined is not that of a better-than-average citizen. The burden of proof is upon the defendant to show that he is entitled to this extraordinary relief. *Frazier v. State,* 556 S.W.2d 239 (Tenn.Cr.App. 1977). The District Attorney General says that Poplar has not shown himself to be entitled to this extraordinary relief, and the evidence supports this finding.

On the other hand, the evidence shows that Buggs is entitled to be placed under the diversion program. He was only indicted for one offense of which he admits his guilt. His social history satisfactorily shows that he has no extravagant habits or no prior criminal involvements and that he is living with his wife and two children in the State of Mississippi. He is 23 years of age and is presently employed. He is supporting his own family and is assisting with the support of his disabled parents. He is purchasing a home upon which he is making regular mortgage payments. He admits being guilty of committing this crime, but, except for his involvement in this offense, we find no evidence in the record of a derogatory nature.

There was evidence presented that the concept of pre-trial diversion is unwise and that the act goes to thwart the administration of criminal justice. We recognize that there are those who oppose this legislation and realize that it has wide-spread disfavor among prosecuting attorneys, members of the judiciary and the public in general. However, the courts are bound by this legislation which was made the public policy of this state by the General Assembly. Criticism of the act must be directed to the General Assembly before the public policy with respect to the diversion law can be changed; this court has no power or control over the amendment or repeal of this statute. *State v. Watkins, supra.*

We note that the trial judge as well as the District Attorney General are concerned because the provisions of the Act cannot be implemented in Fayette County through existing facilities. It is true that the Act provides for supervised rehabilitation programs for persons admitted to the diversion program, but the legislature made no provision for personnel to supervise the rehabilitation program. The fact that the program cannot be implemented in Fayette County does not prevent the Act from being available to persons indicted in Fayette County. *Dearborne v. State,* 575 S.W.2d 259 (Tenn.1978). With this plight, we can offer the trial judge and the District Attorney General no guidance; if volunteers cannot be obtained to supervise the programs, the court will have no alternative other than to release Buggs without supervision.

It results that the denial of diversion is affirmed as to Poplar and reversed as to Buggs. The case of Cleveland Poplar is remanded to the Circuit Court of Fayette County for trial, and the Danny Buggs case is remanded to the trial court for the entry of a memorandum of understanding and other procedure specified in T.C.A. § 40–2108 for those admitted to pre-trial diversion.

DAUGHTREY and SCOTT, JJ., concur.