**STATE of Tennessee, Appellee,**

v.

**Steve Dale COLLIER, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 20, 1981.

Permission to Appeal Denied by Supreme Court Feb. 1, 1982.

Joe K. Walker, Springfield, for appellant.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, Lawrence Ray Whitley, Dist. Atty. Gen., Springfield, for appellee.

OPINION

DWYER, Judge.

In this extraordinary appeal, T.R.A.P. 10, the appellant alleges that the evidence preponderates against the findings of the trial court that the district attorney general did not abuse his discretion in denying pre-trial diversion. T.C.A. § 40–2108.

On the hearing of appellant's petition for certiorari, T.C.A. § 40–2108(b), the evidence capsuled reflects appellant, age twenty, em-

ployed, with no prior record, was accused by indictment of manufacturing a Schedule VI drug, marijuana, T.C.A. § 52–1432(a)(1)(F), in Robertson County. He received a favorable probation report.* The State presented a detective with the Robertson County Sheriff's Department who testified that during October, 1980, he and some twenty-five deputies and prisoners worked from 9:30 a.m. until 2:30 p.m. in a field pulling up 3,710 marijuana plants from three feet to twelve feet tall. The appellant gave the officer a statement in which he admitted bringing marijuana seeds from his home state of Wisconsin to Robertson County where he planted and cultivated them in a corn field during the night hours. Appellant went on to say he was going to market the marijuana in Wisconsin where it was selling for $600 a pound.

It is the appellant's position that the attorney general abused his discretion in denying diversion based on the nature of and the circumstances of the offense and the deterrent factor. He advances that under *Blackwell v. State*, 605 S.W.2d 832 (Tenn.Cr.App.1980), diversion cannot be denied on those grounds.

The State counters with reliance on *State v. Watkins*, 607 S.W.2d 486 (Tenn.Cr.App. 1980), pointing out that the proof of possession of three pounds of marijuana was substantial evidence to support the trial court's finding that the attorney general did not abuse his discretion in refusing diversion.

■ There is a vast difference between the D.U.I. offense that was under the microscope in *Blackwell, supra,* and the case *sub judice,* where appellant cultivated 3,710 marijuana plants with intent to sell. From

the facts presented and in light of our holding in *State v. Watkins, supra,* (possession of three pounds of marijuana, no diversion) also see *State v. Welch,* 565 S.W.2d 492, 494 (Tenn.1978), we can come to but one conclusion and that is the evidence supports the judgment of the trial court in finding there was no abuse of the attorney general's discretion in refusing to enter the memorandum of understanding for pre-trial diversion.

■ Finally, we are not persuaded by the appellant's urging that since the guidelines and criteria for pre-trial diversion are similar as that for probation, the trial court's finding that appellant, if convicted, would be a good candidate for probation, demonstrates that pre-trial diversion should have been granted. As expressed in *State v. Poplar,* 612 S.W.2d 498 (Tenn.Cr.App.1980):

"... (S)ince the Pre Trial Diversion Act relieves the defendant of the burden of being tried or convicted of a crime, though guilty of violating the criminal law, the criteria should be more stringently applied to diversion applicants than probation applicants. *State v. Poplar,* supra at p. 501."

The issue overruled, the judgment of the trial court is affirmed.

O'BRIEN and BYERS, JJ., concur.

---

* The trial court explained this was not a probation hearing. T.C.A. § 40–2107 provides for a pre-trial investigation in diversion cases.