STATE of Tennessee, Appellee,

v.

Hiram L. NEASE, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

April 24, 1986.

Rondal T. Wilson, Rondal T. Wilson & Associates, Shelbyville, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Kathy M. Principe, Asst. State Atty. Gen., Nashville, Guy R. Dotson, Dist. Atty. Gen., Thomas F. Jackson, Asst. Dist. Atty. Gen., Murfreesboro, for appellee.

## OPINION

BYERS, Judge.

The appellant, Hiram Nease, was indicted for going armed and for shooting into an occupied dwelling. The district attorney general denied his application for pre-trial diversion, and on petition for certiorari the Circuit Court approved the action.

On appeal, Mr. Nease insists the district attorney general abused his discretion and says there is no evidence to support his decision.

The judgment is affirmed.

The evidence before the trial court consisted of the appellant's application form, a reply from the district attorney general, and the complaints filed. The application states the appellant is a sixty-four year old retired male with a good employment history and no criminal record. Several references are listed, but no statements from these persons are included. The reply, denying diversion, cites as reasons the circumstances of the offense, the appellant's intoxication, and deterrence.

The offenses charged occurred when the appellant knocked at the door of an apartment at 1:30 a.m. and asked directions. He walked away, but then returned and tried to enter. When the appellant refused to leave, the resident pushed him, fired a rifle shot into the ground, and closed the door. As the resident called the police, Mr. Nease fired several shots into the closed door. One witness stated he was intoxicated.

In his application, the appellant claimed that he was on unspecified medication and believed the building was a motel. He denied that he was under the influence of alcohol.

The district attorney general did not credit the appellant's excuse and felt that Mr. Nease was not taking responsibility for his actions. He also regarded the episode as life-endangering and the carrying of weapons as a serious problem in the county.

We note the district attorney general also responded that the appellant was not an "above average citizen" to whom diversion is available. This phrase derives, of course, from *State v. Poplar*, 612 S.W.2d 498 (Tenn.Cr.App.1980), but it is clear from the discussion in that case that we did not envision an elite class of citizens. The case involved two appellants who had been denied diversion. The action was affirmed as to one, who had an erratic employment history, had fathered three children out of wedlock and did not support them, and was charged with two separate burglaries. But the trial court was reversed as to the second appellant, who was employed, regularly met his financial obligations, maintained a home with his wife and children, supported them and his disabled parents, was charged with only one offense, and accepted responsibility for his criminal conduct.

The true intention in *Poplar* was to describe a person whose criminal conduct is uncharacteristic of his prior social history, who has demonstrated in some manner an ability to undertake and carry through on the ordinary obligations of the society, and who has a present ability and incentive to act within the law without the deterrent effect of a public trial. *See State v. Hammersley,* 650 S.W.2d 352 (Tenn.1983).

We have never required that a candidate have achieved some elevated status to be eligible for pre-trial diversion; and the phrase "above-the-average citizens" in *Poplar,* because it lends itself to an unintended construction, should be abandoned.

On the basis of his social history, Mr. Nease would appear, in theory at least, to be a prime candidate for diversion, but his failure to be completely truthful about what happened and to accept full responsibility for it makes him, in fact, a poor candidate.

We find no abuse of discretion in the denial of diversion in this case.

DAUGHTREY and TATUM, JJ., concur.