**STATE of Tennessee, Appellee,**

**v.**

**Brian Keith BAXTER and Lisa Baxter, Appellants.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 19, 1993.

David B. Hill, Newport, for Brian Keith Baxter.

Susanna W. Laws, Asst. Pub. Defender, Dandridge, for Lisa Baxter.

Charles W. Burson, Atty. Gen. & Reporter, Kimbra R. Spann, Asst. Atty. Gen., Nashville, Alfred C. Schmutzer, Jr., Dist. Atty. Gen., and James B. Dunn, Asst. Dist. Atty. Gen., Sevierville, for appellee.

## OPINION

SUMMERS, Judge.

Brian Keith Baxter and his wife, Lisa Baxter, were each charged by presentment in the Cocke County Circuit Court with one count of possession of marijuana with intent to sell and one count of possession of marijuana with intent to deliver. The Cocke County Grand Jury returned the true bills of presentment in November 1991. Both defendants, now appellants, filed applications for pretrial diversion pursuant to T.C.A. §§ 40–15–102 et seq. The district attorney general denied diversion, and each defendant petitioned for a writ of certiorari to the Cocke County Circuit Court pursuant to T.C.A. § 40–15–105(b)(3). The trial court found that the prosecuting attorney did not abuse his discretion and affirmed the decision to deny the suspended prosecution. From this order, appellants seek consolidated review pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.

We affirm the judgment of the court below.

The appellants submitted sparse information to the district attorney general in their applications for pretrial diversion. In Mr. Baxter's letter to the prosecutor dated January 30, 1992, he gives his birth date; his place of last employment; his prior criminal record; his marital status; and the fact that he has two children, ages six and three. The letter states that he is qualified for diversion and has no problems "other than drinking, since he was a juvenile." We note that Mr. Baxter's prior record includes two DUI's in Virginia and a juvenile record of breaking and entering in West Virginia. The district attorney general gave the following reasons for denying Mr. Baxter's request for diversion: "the need for deterrence of those similarly situated in the community to Mr. Baxter regarding illegal drug-type offenses and the quantity of marijuana possessed by [the defendant] is indicative of an ongoing scheme to [sell] marijuana." The amount of marijuana involved in this case was approximately 2¾ pounds.

The record involving Mrs. Baxter is even more sparse. In her letter to the prosecutor dated December 13, 1991, she requests pretrial diversion and states that she "meets the statutory requirements...." Although the district attorney general's denial is not made a part of the record—it is a part of the application for interlocutory appeal—we learn that the denial is as conclusory as the request. All the district attorney general, through his assistant, states is that the application "for pretrial diversion is hereby denied."

From this sparse record, the trial court held a hearing on the writ of certiorari. We do not learn much more about the Baxters from reading a transcript of the hearing. No testimony was taken. However, the court found that the prosecutor considered the following: the applications submitted to him; the quantity of marijuana; the problem of marijuana in the area; the need for deterrence; the need for punishment; and the need to stop the sale and delivery of illegal drugs. The court then ruled that the district attorney general did not abuse his discretion.

Pretrial diversion, or a suspended prosecution, is truly extraordinary relief for a defendant. The burden of proof is upon the defendant to show that he or she is entitled to this extraordinary relief. *State v. Poplar,* 612 S.W.2d 498 (Tenn.Crim.App.1980). A defendant has the burden of providing the prosecuting attorney with sufficient background information and data to enable the prosecutor to make a reasoned decision as to the relief sought. This information may be supplemented by the pretrial investigation authorized by T.C.A. § 40–15–104. The obligation is on the applicant to show the prosecutor beforehand that he or she is an appropriate subject for diversion. *See State v. Herron,* 767 S.W.2d 151 (Tenn.1989).

When a defendant is granted pretrial diversion, the consequences of a public prosecution, trial, and conviction are avoided. If the defendant successfully completes the program, the charges are dismissed. Essentially, this is pretrial probation. It is extraordinary relief, and prosecutors must scrutinize each applicant carefully. Such relief is designed to encourage the defendant's rehabilitation. It is to insure that the defendant will not be the subject of criminal charges in the future. *See State v. Poplar,* 612 S.W.2d 498 (Tenn.Crim.App.1980); *Blackwell v. State,* 605 S.W.2d 832 (Tenn.Crim.App.1980).

The statute establishes minimal eligibility criteria for diversion. The district attorney general is charged with the responsibility and the authority to determine whether to grant diversion. Such discretion "must be exercised so as to serve the interests of justice." *Pace v. State,* 566 S.W.2d 861, 864 (Tenn.1978). This is an awesome responsibility. Our Supreme Court has offered guidance to prosecutors in this regard:

> [A] prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered.... Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial

diversion will serve the ends of justice and the best interest of both the public and the defendant.

*State v. Hammersley,* 650 S.W.2d 352, 355 (Tenn.1983).

A prosecutor's decision to deny diversion is reviewable by writ of certiorari. T.C.A. § 40–15–105(b)(3). The review is limited to examining the record to determine whether material evidence supports the prosecutor's decision. The hearing court must consider only the evidence made available to and considered by the prosecutor. *State v. Poplar,* 612 S.W.2d 498 (Tenn.Crim.App. 1980). In reviewing the trial court's decision, this Court must determine whether the evidence preponderates against the court's finding. *State v. Watkins,* 607 S.W.2d 486 (Tenn.Crim.App.1980).

To put it bluntly, the district attorney general had little to go on in making his decision in the present case. It belabors the obvious to say that the applications do not contain much information. In the case of Mrs. Baxter, we find no information. As to Mr. Baxter, the prosecutor learned about his prior criminal record, both adult and juvenile; his birth date; his place of employment for three years; his marital status; and the fact that he has two children, both girls. The prosecutor also learned that he has a drinking problem.

It is true that the district attorney general did not offer much information in denying diversion. As to Mr. Baxter, he stated that the amount of marijuana involved showed that the appellant was in the business of dealing drugs. The prosecutor also stated that this type of activity required deterrence in the general area. As to Mrs. Baxter, only a general denial was submitted.

In our view, neither appellant presented the prosecutor with a proper application. They failed to meet the burden required by law which would trigger more than a conclusory response by the district attorney general. Frankly, Mrs. Baxter may have been a worthy candidate; if she had presented more evidence to the prosecutor consistent with *Hammersley,* and had the prosecutor responded summarily as he did,

she may have been entitled to pretrial diversion. We will not speculate. However, she simply did not carry her initial burden of giving the district attorney general information from which he could make a valid decision. As to Mr. Baxter, we are of the view that he simply was not a worthy candidate.

A good application for pretrial diversion should contain information concerning the circumstances of the offense, which was not done in the present case; the defendant's prior criminal history; and all of the other information that was outlined in *State v. Hammersley*. If a defendant considers himself or herself a candidate, the applicant should put the best foot forward. A defendant would be wise to submit affidavits, letters, and any other positive information to convince the prosecutor that the eligible candidate is worthy of this extraordinary, discretionary relief. If the input to the prosecutor is minimal, then the response will be the same. On a writ of certiorari, the trial court would be correct in ruling that no abuse of discretion is found. That is the case *sub judice*.

The judgment of the trial court is affirmed in all respects.

TIPTON and WHITE, JJ., concur.