# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH 1998 SESSION

FILED

April 7, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9703-CC-00117 |
| Appellee, | ) | |
| | ) | RUTHERFORD COUNTY |
| VS. | ) | |
| | ) | HON. J. S. DANIEL, |
| MARK F. MAYBREY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Pretrial Diversion) |

FOR THE APPELLANT:

R. STEVEN WALDRON
TERRY A. FANN
Waldron and Fann
202 West Main Street
Murfreesboro, TN  37130-3581

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

WILLIAM C. WHITESELL, JR.
District Attorney General
303 Rutherford Co. Judicial Bldg.
Murfreesboro, TN  37130

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

**OPINION**

The Rutherford County grand jury returned indictments charging the defendant, Mark F. Maybrey, with three (3) counts of telephone harassment. The defendant applied for pretrial diversion, which was denied by the District Attorney General. Defendant filed a petition for writ of certiorari in the Rutherford County Circuit Court, seeking to overturn the District Attorney's denial of diversion. After a hearing, the trial court found that the District Attorney had not abused his discretion. Pursuant to Tenn. R. App. P. 9, defendant brings this interlocutory appeal, claiming the trial court erred in finding that the District Attorney General had not abused his discretion in denying diversion. We find no error; therefore, the judgment of the trial court is AFFIRMED.

**I**

In September 1996, an officer with the Murfreesboro Police Department was dispatched to Uncle Sandy's Fireworks in response to a complaint that someone was making harassing phone calls from a pay phone at that location. Defendant was observed using a pay phone, and when the officer turned his spotlight on him, defendant hung up the phone. At the same time, the officer was advised by the dispatcher that the perpetrator hung up with the victim. Defendant was arrested and subsequently indicted on two (2) counts of making harassing phone calls to Patty Levy, and one (1) count of making harassing phone calls to Patsy McClure.

At the time of the alleged offenses, defendant was a lieutenant with the Smyrna Police Department. He was 33 years old, had never been married and had no prior criminal history. He was six (6) classes short of attaining a degree from Middle Tennessee State University and had a stable work history. During his employment with the Smyrna Police Department, defendant received numerous awards and letters of commendation.

After he was arrested, defendant resigned from the police department and

2

underwent psychological counseling on both an in-patient and out-patient basis. Two psychologists submitted letters detailing their evaluations of defendant's mental health. Terry A. Casey, Ph.D., diagnosed defendant with paraphilia, specifically "telephone scatologia." Phillip G. Wright, Ph.D., found defendant to be suffering from acute depression. Both noted defendant's cooperation and willingness to participate in treatment. Both gave defendant a good prognosis, subject to further psychotherapeutic treatment. Neither gave any indication as to the length of time required for further treatment.

Attached to defendant's application for pretrial diversion were letters written by various friends, business associates and church officials extolling his good character and positive attributes.

In his letter denying pretrial diversion, District Attorney General William C. Whitesell, Jr. listed eight (8) reasons to support his denial, including:

(1) defendant should be held to a higher standard of conduct due to his status as a police officer;

(2) defendant abused a public position of trust in that he used his position as a police officer to gain access to information regarding the victims;

(3) the conduct was committed against several victims and occurred on numerous occasions over a period of years, thereby indicating a pattern of "continued abuse" and not merely an isolated incident;

(4) as a police officer, defendant had access to resources to correct his psychological condition, but took no action until after he was arrested;

(5) the charged conduct was aimed to gratify his desire for pleasure or excitement;

(6) "defendant's conduct was directed to at least one victim that was particularly vulnerable due to health circumstances that existed in her family and the defendant was aware of these circumstances";

(7) the offense was committed in such a way as to avoid detection; therefore, there exists a need to deter others inclined to commit this type of offense; and

(8) the victims suffered psychological and emotional trauma.

General Whitesell concluded that these factors outweighed the factors in defendant's favor and denied pretrial diversion.

The trial court found that the district attorney sufficiently weighed both the

positive and negative factors for diversion. Therefore, the court found no abuse of discretion in denying pretrial diversion. It is from this ruling that defendant brings this appeal.

## II

The Pretrial Diversion Act provides a means of avoiding the consequences of a public prosecution for those who have the potential to be rehabilitated and avoid future criminal charges. *See* Tenn. Code Ann. § 40-15-105. Pretrial diversion is extraordinary relief for which the defendant bears the burden of proof. State v. Baxter, 868 S.W.2d 679, 681 (Tenn. Crim. App. 1993); State v. Poplar, 612 S.W.2d 498, 501 (Tenn. Crim. App. 1980).

The decision to grant or deny an application for pretrial diversion is within the discretion of the district attorney general. Tenn. Code Ann. § 40-15-105(b)(3); *see also* State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997); State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995); State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). In making the determination, the district attorney general must consider

> the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered . . . . Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983); *see also* State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993); State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

Deterrence, of both the defendant and others, is a factor the importance of which varies according to the individual circumstances of each case. Hammersley, 650 S.W.2d at 354. The circumstances of the crime and the need for deterrence may, in the appropriate case, outweigh the other relevant factors and justify a denial of pretrial diversion. Carr, 861 S.W.2d at 855.

4

A prosecutor's decision to deny diversion is presumptively correct, and the trial court should only reverse that decision when the defendant establishes a patent or gross abuse of discretion. State v. Lutry, 938 S.W.2d 431, 434 (Tenn. Crim. App. 1996); Houston, 900 S.W.2d at 714. The record must be lacking in any substantial evidence to support the district attorney general's decision before an abuse of discretion can be found. State v. Pinkham, 955 S.W.2d at 960; State v. Carr, 861 S.W.2d at 856. The hearing court must consider only the evidence made available to and considered by the prosecutor. Poplar, 612 S.W.2d at 500. The trial court may not substitute its judgment for that of the district attorney general when the decision of the district attorney general is supported by the evidence. State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App. 1980).

Our review on appeal focuses on whether the trial court's decision is supported by a preponderance of the evidence. Pinkham, 955 S.W.2d at 960. The underlying issue for determination on appeal is whether or not, as a matter of law, the prosecutor abused his or her discretion in denying pretrial diversion. State v. Brooks, 943 S.W.2d 411, 413 (Tenn. Crim. App. 1997).

III

Defendant principally contends that the district attorney did not consider his amenability to correction, but rather focused on his status as a police officer at the time the offenses were committed. He asserts that he promptly resigned from the Smyrna Police Department and sought psychological counseling, thereby evidencing his rehabilitation potential. Furthermore, he argues that the district attorney relied upon deterrence as a reason for denying diversion; however, there is no evidence of the specific need for deterrence in the record. Therefore, he insists that he is a suitable candidate for pretrial diversion, and the district attorney abused his discretion in denying diversion.

When making his determination whether to approve pretrial diversion in this case, the district attorney considered defendant's lack of a prior criminal record and

5

his exemplary work history. He noted that defendant voluntarily sought psychological treatment and was candid and cooperative in pursuing treatment. He commended defendant's positive attitude and behavior since his arrest. General Whitesell also noted that defendant appeared to be motivated to correct his behavior by pursuing psychological treatment.

However, General Whitesell found, upon reviewing information provided by the victims and law enforcement officers, the factors disfavoring diversion outweighed those in favor of diversion. He was concerned with defendant's position as a law enforcement officer which defendant used to gain access to information about the victims. The husband of one of the victims was confined to a wheelchair, and defendant made some offensive comments to that victim concerning her husband's handicap. He was troubled that the conduct had occurred over a period of years, which indicated that this was not merely an isolated incident. *Compare* State v. Washington, 866 S.W.2d at 951 (allowing pretrial diversion where defendant's offenses were "apparently aberrant"). Notwithstanding defendant's "good" psychological prognosis, the district attorney found the psychologists' diagnoses to be qualified and subject to further counseling. Furthermore, because the crime was committed in such a way as to avoid detection and prosecution, the district attorney found that the need for deterrence of others likely to commit such a crime weighed against diversion. The need for deterrence and the circumstances of the crime may outweigh the other relevant factors and justify a denial of pretrial diversion. State v. Carr, 861 S.W.2d at 855.

Moreover, in his application for pretrial diversion, defendant maintained that the phone calls were not annoying or harassing, and instead suggested that the victims were willing participants. Lack of candor and the failure to accept full responsibility for the offense can reflect negatively on defendant's rehabilitation potential. *See* State v. Nease, 713 S.W.2d 90, 92 (Tenn. Crim. App. 1986).

The trial court found that the district attorney had carefully considered all factors, favorable and unfavorable. Although the district attorney focused upon the need for deterrence and the circumstances of the crime, he also considered

6

defendant's positive factors, including his amenability to rehabilitation. The evidence does not preponderate against the trial court's finding. Neither the trial court nor this Court is at liberty to merely substitute its judgment for that of the District Attorney General. State v. Watkins, 607 S.W.2d at 488. Under this Court's standard of review, we must conclude, as did the trial court, that the district attorney did not abuse his discretion in denying pretrial diversion.

The judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**DAVID H. WELLES, JUDGE**

7