# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1998

FILED

September 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9801-CR-00016** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SULLIVAN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. R. JERRY BECK** |
| **VELMA JEAN FREEMAN,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Pretrial Diversion) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SULLIVAN COUNTY

FOR THE APPELLEE:

RICHARD A. SPIVEY
142 Cherokee Street
Kingsport, TN 37660

FOR THE APPELLANT:

JOHN KNOX WALKUP
Attorney General and Reporter

TODD R. KELLEY
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

GREELEY WELLS
District Attorney General

JOSEPH EUGENE PERRIN
Assistant District Attorney General
Sullivan County Justice Center
Blountville, TN 37617

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The State of Tennessee appeals from the trial court's determination that the District Attorney General abused his discretion by denying pretrial diversion. We affirm the judgment of the trial court.

The Defendant was indicted on one count of possession of marijuana and one count of introducing the marijuana into a penal institution.[1] The basic facts are that the Defendant attempted to deliver approximately 7.9 grams of marijuana to her adult son, who was incarcerated in the Sullivan County jail. Sheriff's deputies observed her placing a white envelope under the cell block door. When it was determined that the envelope contained marijuana, she was arrested.

The Defendant applied for pretrial diversion pursuant to Tennessee Code Annotated § 40-15-105. Under our law, she was entitled to be considered. The District Attorney denied the Defendant's application, setting forth his reasons for denial in a written response. The Defendant submitted a petition for writ of certiorari to the Criminal Court of Sullivan County, asserting that the District Attorney abused his discretion by denying pretrial diversion. The District Attorney submitted his record concerning his denial of pretrial diversion and, after reviewing this record, the trial court found that the District Attorney had abused his discretion and ordered that the Defendant be granted pretrial diversion. It is from this order of the trial court that the State appeals.

---

[1] Tenn. Code Ann. § 39-17-417 and Tenn. Code Ann. § 39-16-201.

The Pretrial Diversion Act provides a means of avoiding the consequences of a public prosecution for those who have the potential to be rehabilitated and who may thus avoid future criminal charges. See Tenn. Code Ann. § 40-15-105. Pretrial diversion is extraordinary relief for which the Defendant bears the burden of proof. State v. Baxter, 868 S.W.2d 679, 681 (Tenn. Crim. App. 1993); State v. Poplar, 612 S.W.2d 498, 501 (Tenn. Crim. App. 1980). The general criteria for probation and pretrial diversion are similar, but should be more stringently applied to diversion applicants. Poplar, 612 S.W.2d at 501.

The district attorney is vested with the discretion to approve or deny pretrial diversion. See Tenn. Code Ann. § 40-15-105(b)(3). A defendant who applies for and is denied pretrial diversion may "petition for a writ of certiorari to the trial court for an abuse of prosecutorial discretion." Tenn. Code Ann. § 40-15-105(b)(3). The trial judge cannot substitute his judgment for that of the district attorney when reviewing a denial of pretrial diversion. State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App. 1980). The district attorney's decision is viewed as ?presumptively correct" and will not be set aside unless there is a finding of gross and patent abuse of discretion. State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983) (citing Pace v. State, 566 S.W.2d 861, 870 (Tenn. 1978)).

The trial court's scope of review is limited to the information provided in the record upon which the district attorney based the decision. State v. Carr, 861 S.W.2d 850, 855-56 (Tenn. Crim. App. 1993); Poplar, 612 S.W.2d at 500. "In view of this evidentiary restriction, an evidentiary hearing would seem unneeded in the usual case. However, a hearing may be useful to clarify matters already

-3-

in the record about which there may be some dispute." State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993). If there is a factual dispute, the trial judge should conduct an evidentiary hearing to resolve the dispute before determining whether there has been an abuse of discretion in denying diversion. State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997).

In cases in which the facts are undisputed, as they generally are in this case, the issue primarily becomes a question of law, and this Court therefore is not bound by the lower court's decision. Carr, 861 S.W.2d at 856. In such a case, the underlying issue is whether, as a matter of law, the district attorney general abused his or her discretion. Id. Our review focuses on whether there is substantial evidence in the record to support the district attorney's refusal to divert. In a close case, if the record supports the decision to grant or deny pretrial diversion, "it cannot be an abuse of discretion to decide the case either way.'" Carr, 861 S.W.2d at 856 (quoting State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)).

When a pretrial diversion request is denied, the district attorney must state the specific reasons for denial in the record to preserve those reasons for meaningful appellate review. State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989). The following factors should be considered to determine whether pretrial diversion should be granted:

> ?[the] circumstances of the offense; the criminal record, social history and present condition of the defendant, including his mental and physical conditions where appropriate; the deterrent effect of punishment upon other criminal activity; defendant's amenability to correction; the likelihood that pretrial diversion will serve the ends of justice and the best interests of both the public and defendant; and the applicant's attitude, behavior since

-4-

arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility and attitude of law enforcement."

State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting State v. Markham, 755 S.W.2d 850, 852-53 (Tenn. Crim. App. 1988)).

Due to the limited scope of certiorari review, a formal written response is required to demonstrate that the district attorney considered all the relevant factors and to explain why certain factors outweighed others. The narrow scope of review has made the district attorney's written response of primary importance. Indeed, in a review in which no hearing is held, the district attorney's letter is the only concrete record from which to evaluate whether an abuse of discretion has occurred.

As our supreme court recently stated, a district attorney general is not required to include in the record all the evidence relied upon to deny diversion. State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997). The district attorney general is required to identify the factual basis and rationale for the decision to deny pretrial diversion. Id. The information should be sufficiently detailed so that the defendant can ascertain the existence of any factual disputes. Id.

In his letter denying the Defendant's application to pretrial diversion, the District Attorney referred to the Defendant's "formal request" for diversion. Although no written application for pretrial diversion is in the record, the parties stipulated for a background investigation pursuant to Tennessee Code Annotated § 40-15-104. The report of this investigation reflects that the Defendant was

forty-three years old, divorced, and the mother of four children. She has been married five times. She dropped out of school after the sixth grade and was married for the first time at age fourteen. The Defendant reported her health as "fair" and stated that she has no history of alcohol abuse and has never used illegal drugs. At the time the background investigation was prepared, she was employed as a housekeeper at a Kingsport, Tennessee motel and her employer confirmed that she was a good employee. Prior to this job she had briefly worked as a housekeeper at another motel in the Kingsport area, and that employer also confirmed that she was a good worker. Prior to that she reported that she was employed for seven years as a cook at a club in Kingsport. One of her daughters and a granddaughter lived with her. Another child, along with five of the Defendant's siblings, lived near her in the Kingsport area. Her only prior record of criminal activity was a conviction of driving without a license and a charge of violation of "light law," both of which occurred some five years prior to the preparation of the pretrial diversion report.

The pretrial diversion report contained the following statement from the Defendant concerning the charges against her:

> On the date of the offense, it was requested that I bring in a baggie with marijuana in it. I was told to put it in an envelope and kick it under the bars. I made a big mistake by doing this. I had a serious lack of judgment. I wish I had never done this. It was stupid and irresponsible. I will never in this or any other life ever do it again. I would be suitable for probation because I have never been in trouble before, and I guarantee I will never be in trouble again. I truly am sorry and I regret that this happened.

In his letter denying the Defendant's application for pretrial diversion, the District Attorney General stated that his decision was based on the following factors:

(1)     The defendant's actions of attempting to introduce drugs into the Sullivan County Jail is of special concern to the State due to problems regarding the possession and use of drugs by inmates of this facility.  The defendant's deliberate and intentional act endangered the inmates incarcerated at this facility as well as endangered the men and women employed at this facility.  The introduction of drugs and other contraband into the jail is a serious problem of epidemic proportions. The granting of pre-trial diversion for such a crime will reduce the resistance, if not encourage, others who might engage themselves in like or similar conduct.

(2)     The defendant's unstable work record, her family and social history, as well as her lack of education demonstrate her to be an unacceptable candidate for diversion.  It should be noted that the defendant was trying to pass drugs to her own child who was incarcerated on felony charges at the time.

(3)     The defendant has previously been convicted of no driver's license.

After reviewing the record submitted by the District Attorney General, the trial judge entered a memorandum order which included findings of fact and his analysis of the applicable law.  The trial judge observed that the first factor relied upon by the District Attorney General could be generally categorized as "the circumstances of the case and the need for deterrence."  The trial judge recognized that under Tennessee law, ?the circumstances of the case and the need for deterrence . . . cannot be given <u>controlling</u> weight [in determining whether to grant pretrial diversion] unless [these factors] are ⊲of such overwhelming significance that they (necessarily) outweigh all other factors.'" See <u>State v. Washington</u>, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting <u>State v. Markham</u>, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988)).  ?In the absence of such exceptional circumstances, ⊲the district attorney general must consider evidence which tends to show that the (defendant) is amenable to correction . . . and is not likely to commit further criminal acts.'" <u>Id.</u> (quoting <u>Markham</u>, 755 S.W.2d at 853).  The trial court further noted that the District Attorney's

generalized statement concerning the circumstances of the offense and the need for deterrence would apply to any Class C, D, or E felony, but noted that the legislature has specifically provided that a defendant charged with introducing marijuana into a penal institution is eligible for pretrial diversion.

Concerning the second factor set forth by the District Attorney General in denying diversion, the trial judge noted that the Defendant was forty-three years old and had no significant criminal record. The judge noted that "the Defendant left school at age fourteen, got married, and had four children. She is obviously under-educated, works as a maid, and is described as a good worker." The trial judge expressed his concerns about the constitutionality of denying diversion based upon a lack of formal education and further noted that the legislature had set no educational requirements for a person seeking diversion.

We can understand why a district attorney general would prefer not to grant pretrial diversion to anyone charged with trying to deliver marijuana to an inmate in a local jail or other penal institution. However, as the trial judge pointed out, the law enacted by our legislature provides that someone who commits such a crime is eligible for diversion unless the person's prior criminal record renders them ineligible. While the district attorney has the discretion to grant or deny diversion to eligible defendants, that discretion is not absolute.

After reviewing the record submitted by the District Attorney General, the trial court implicitly found that the conclusory statements asserted by the District Attorney General did not set forth a sufficient basis for denying pretrial diversion to the Defendant, and based on the record, the trial judge determined that

denying the Defendant pretrial diversion constituted an abuse of discretion. From our review of the record, we are unable to conclude that the trial judge erred. The judgment of the trial court is accordingly affirmed.

                                  _____
                                  DAVID H. WELLES, JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

_____
JOSEPH M. TIPTON, JUDGE