# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 29, 2016

## STATE OF TENNESSEE v. AIMEE DENISE WALLACE

**Appeal from the Criminal Court for Greene County**
No. 14CR044      Alex E. Pearson, Judge
_____

**No. E2015-01962-CCA-R3-CD – Filed July 7, 2016**
_____


Aimee Denise Wallace ("the Defendant") pleaded guilty to one count of possession of drug paraphernalia and requested that she be placed on judicial diversion. The trial court, after acknowledging that the Defendant was a "qualified defendant" for judicial diversion under Tennessee Code Annotated section 40-35-313(a)(1)(B)(i), denied the Defendant's request based solely upon the fact that she had a prior conviction for a class A misdemeanor. On appeal, the Defendant asks this court to reverse the trial court's order denying judicial diversion, conduct a de novo review, and order that the Defendant be placed on judicial diversion. The State concedes that the trial court erred. After review, we conclude that the trial court erred because it denied judicial diversion without considering and weighing all the relevant factors. Because the trial court failed to conduct an evidentiary hearing, the record before us is not sufficient for us to conduct a de novo review. The judgment of the trial court is reversed and remanded for reconsideration and a hearing on the issue of judicial diversion.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Kara L. Page, Kingsport, Tennessee, for the appellant, Aimee Denise Wallace.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Dan Armstrong, District Attorney General; and David Baker, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Factual and Procedural Background

The Defendant was indicted with one count each of driving under the influence ("DUI"), simple possession of a Schedule IV controlled substance, and possession of drug paraphernalia. The State later dismissed the DUI and simple possession of a Schedule IV controlled substance charges because the Defendant's blood test revealed that the intoxicants found in her blood were below therapeutic levels and she provided a prescription for the Schedule IV substance. The Defendant entered a nolo contendere plea to possession of drug paraphernalia. The Negotiated Plea Agreement form indicated that the Defendant agreed to a sentence of eleven months and twenty-nine days and a $150 fine. The form also stated that the Defendant "must continue to comply with Mental Health Directives" and noted that she would apply for judicial diversion.

At the plea colloquy, the Defendant stated that she was thirty-eight years old, had a bachelor's degree, and had no difficulty reading or writing. She also denied having any "health or physical condition" that would cause her "not to understand what [she's] doing her[e] today." The Defendant said she understood the charges against her and that she had reviewed the negotiated plea agreement with her attorney. She denied having any questions about the plea agreement. The Defendant then entered a nolo contendere plea, and the trial court turned to the issue of judicial diversion.

The trial court noted that the Tennessee Bureau of Investigation had certified that the Defendant did not have any prior felonies or misdemeanors that would disqualify her from receiving judicial diversion. However, the trial court noted that the Defendant's presentence report showed that she pleaded guilty to reckless endangerment, a Class A misdemeanor, in 2009 and was sentenced to eleven months and twenty-nine days' probation, twenty-four hours of community service, and $350 fine. The Defendant admitted to that prior conviction. The trial court then commented, "Well you have been convicted of a [C]lass A misdemeanor and yet you're convicted of another [C]lass A misdemeanor here today. I feel that shows a lack of amenability to correction, but I do find you to be a suitable candidate for probation." Defense counsel asked the trial court to conduct a hearing to allow the Defendant to present evidence regarding the other judicial diversion factors. The trial court responded:

> No, I mean, she's been convicted of a [C]lass A misdemeanor before and I'm going to find—I'm not going to grant her a judicial diversion being convicted of a [C]lass A misdemeanor. I don't know what more you would want to introduce[.]

- 2 -

The trial court denied the Defendant's request for a hearing and sentenced the Defendant to eleven months twenty-nine days' probation. The trial court also instructed the Defendant to "continue to comply with [her] health directive" and to follow her doctor's instructions for taking her prescription drugs. This timely appeal followed.

## II. Analysis

On appeal, the Defendant argues that the trial court committed error when it denied judicial diversion without considering and weighing all the factors listed in State v. Electroplating, Inc., 990 S.W.2d 211 (Tenn. Crim. App. 1998), and State v. Parker, 932 S.W.2d 945 (Tenn. Crim. App. 1996). Additionally, the Defendant asks us to conduct a de novo review and order that she be placed on judicial diversion. The State concedes that "[t]he trial court erred when it did not consider the required factors a court must consider when determining whether to grant judicial diversion." Rather than have this court conduct a de novo review, the State asks us to reverse and remand the case to the trial court with instructions that the trial court conduct a hearing on the issue and consider all of the required factors.

Tennessee Code Annotated section 40-35-313 governs judicial diversion. Upon a finding of guilt, the trial court may defer further proceedings and place a qualified defendant on probation without entering a judgment of conviction. Tenn. Code Ann. § 40-35-313(a)(1)(A) (Supp. 2015). Once the defendant successfully completes probation, the charge will be dismissed. Tenn. Code Ann. § 40-35-313(a)(2) (Supp. 2015). The statute defines a "qualified defendant" as a defendant who:

(a) Is found guilty of or pleads guilty or nolo contendere to the offense for which deferral of further proceedings is sought;

(b) Is not seeking deferral of further proceedings for any offense committed by any elected or appointed person in the executive, legislative or judicial branch of the state or any political subdivision of the state, which offense was committed in the person's official capacity or involved in the duties of the person's office;

(c) Is not seeking deferral of further proceedings for a sexual offense, a violation of § 71-6-117 or § 71-6-119, driving under the influence of an intoxicant as prohibited by § 55-10-401, or a Class A or B felony;

(d) *Has not previously been convicted of a felony or a Class A misdemeanor for which a sentence of confinement is served*; and

(e) Has not previously been granted judicial diversion under this chapter or pretrial diversion.

Tenn. Code Ann. § 40-35-313(a)(1)(B)(i) (Supp. 2015) (emphasis added).

However, eligibility under the statute does not entitle a defendant to judicial diversion; instead, the decision whether to grant judicial diversion is left to the trial court's discretion. State v. King, 432 S.W.3d 316, 323 (Tenn. 2014). The defendant bears the burden of proving that he or she is a suitable candidate for judicial diversion. State v. Faith Renea Irwin Gibson, No. E2007-01990-CCA-R3-CD, 2009 WL 1034770, at *4 (Tenn. Crim. App. Apr. 17, 2009) (citing State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999); State v. Baxter, 868 S.W.2d 679, 681 (Tenn. Crim. App. 1993)).

When determining whether to grant judicial diversion to a qualified defendant, the trial court must consider the following factors:

> (a) the accused's amenability to correction; (b) the circumstances of the offense; (c) the accused's criminal record; (d) the accused's social history; (e) the accused's physical and mental health; (f) the deterrence value to the accused as well as others; and (g) whether judicial diversion will serve the interests of the public as well as the accused.

Electroplating, 990 S.W.2d at 229; Parker, 932 S.W.2d at 958. In addition to the Parker and Electroplating factors, the trial court may consider the following factors in making its decision: "[the defendant's] attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility[,] and attitude of law enforcement." State v. Anthony Adinolfi, No. E2013-01286-CCA-R3-CD, 2014 WL 2532335, at *2 (Tenn. Crim. App. June 2, 2014) (quoting State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993)) (internal quotation marks omitted). The record must reflect that the trial court weighed all the Parker and Electroplating factors against each other, and the trial court must give an explanation of its ruling on the record. King, 432 S.W.3d at 326; Electroplating, 990 S.W.2d at 229.

We review a trial court's decision regarding judicial diversion under the same standard set forth in State v. Bise, 380 S.W.3d 682 (Tenn. 2012). King, 432 S.W.3d at 324. Applying the Bise standard to judicial diversion decisions, if the trial court considers the Parker and Electroplating factors, specifically identifies the relevant factors, and places on the record its reasoning for granting or denying judicial diversion, then "the appellate court must apply a presumption of reasonableness and uphold the grant or denial so long as there is any substantial evidence to support the trial court's decision." Id. at 327. The trial court need not recite all of the Parker and Electroplating factors when justifying its decision on the record in order to be granted a presumption of reasonableness. Id. However, the record should reflect that the trial court considered the factors when rendering its decision and that it identified the relevant factors applicable to

- 4 -

the case.  Id.  Once the trial court identifies the relevant factors, it may proceed solely on those.  Id.

However, our supreme court has also stated:

If . . . the trial court fails to consider and weigh the applicable common law factors, the presumption of reasonableness does not apply and the abuse of discretion standard, which merely looks for "any substantial evidence" to support the trial court's decision is not appropriate . . . .  In those instances, the appellate courts may either conduct a de novo review or, if more appropriate under the circumstances, remand the issue for reconsideration.  The determination as to whether the appellate court should conduct a de novo review or remand for reconsideration is within the discretion of the reviewing court.  Relevant considerations include the adequacy of the record, the fact-intensive nature of the inquiry, and the ability of the court to request supplementation of the record.

Id. at 327-28 (internal citations omitted).

In this case, it is apparent from the record that the trial court did not consider and weigh the Parker and Electroplating factors.  Instead, the trial court simply identified that the Defendant has a prior conviction for a Class A misdemeanor—one which did not disqualify her for judicial diversion—and concluded that the Defendant was not amenable to correction.  When the Defendant sought permission to put on proof regarding the other factors, the trial court denied the request.  Nothing in the record indicates that the trial court considered the remaining factors to determine whether any were relevant to the determination of whether to grant judicial diversion.  Therefore, the presumption of reasonableness does not apply, and we must conduct a de novo review or remand the case for reconsideration.  See id.

The record is not sufficient for us to conduct a de novo review in this case.  We note that the Defendant does not have an extensive criminal history, and it appears from the presentence report that the Defendant completed her probation from her prior reckless endangerment conviction.  However, because there was no evidentiary hearing, there is no proof in the record as to the Defendant's social history other than her age and highest level of education.  Further, there is nothing in the record regarding the deterrence value to her as well as others or whether diversion would serve the interests of the public.  Notably, the record contains very little information about the Defendant's mental health even though it appears she was receiving some type of mental health treatment.  Pursuant to the plea agreement, the Defendant was required to "continue to comply with Mental Health Directives," and the trial court instructed the Defendant to continue to take her medication as prescribed by her doctor.  The fact that the plea agreement required the

Defendant to comply with mental health directives indicates that her mental health is relevant to the decision to grant or deny judicial diversion. The Defendant asserts that the fact that she had no "health or physical condition" that would cause her not to understand the plea proceedings indicates that her mental and physical health should be a factor that weighs in favor of granting judicial diversion. However, that statement does not provide sufficient information for us to consider how the Defendant's mental health would factor into the decision to place her on judicial diversion. Therefore, the record is not sufficient to allow us to conduct a de novo review. We reverse the trial court's order denying judicial diversion and remand the case to the trial court for an evidentiary hearing on the issue of whether to grant or deny judicial diversion and for consideration of the <u>Parker</u> and <u>Electroplating</u> factors.

### III. Conclusion

For the aforementioned reasons, the judgment of the trial court is reversed and remanded.

_____
ROBERT L. HOLLOWAY, JR., JUDGE