IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 10, 2001 Session

## STATE OF TENNESSEE v. LISA ANN AVERY

**Direct Appeal from the Circuit Court for Carroll County**
**No. 20CR-1451     C. Creed McGinley, Judge**

_____

**No. W2000-01741-CCA-R3-CD - Filed July 16, 2001**

_____

The Defendant was indicted by the Carroll County Grand Jury for one count of introduction of drugs into a penal institution. The Defendant moved for pretrial diversion, but the request was denied by the District Attorney General. The Defendant filed a petition for writ of certiorari with the trial court to review the denial. The trial court denied the petition, finding that the District Attorney General did not abuse his discretion in denying the Defendant's request for pretrial diversion. The Defendant then pled guilty to one count of introduction of drugs into a penal institution and requested judicial diversion. The trial court denied judicial diversion and sentenced the Defendant as a Range I, standard offender to four years incarceration in the Tennessee Department of Correction, suspended after sixty days confinement. The Defendant now appeals, arguing that the trial court erred in denying her pretrial diversion, judicial diversion or full probation. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOE G. RILEY, J., joined. JOHN EVERETT WILLIAMS, J., not participating.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the Appellant, Lisa Ann Avery.

Paul G. Summers, Attorney General and Reporter, Kim R. Helper, Assistant Attorney General, G. Robert Radford, District Attorney General, and Eleanor Cahill, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Defendant, Lisa Ann Avery, was indicted by the Carroll County Grand Jury for one count of introduction of drugs into a penal institution, a Class C felony. See Tenn. Code Ann. § 39-16-201(b). The Defendant moved for pretrial diversion, but the request was denied by the District Attorney General. The Defendant filed a petition for writ of certiorari with the trial court to review the denial. The trial court denied the petition, finding that the District Attorney General did not

abuse his discretion in denying the Defendant's request for pretrial diversion. The Defendant pled guilty to one count of introduction of drugs into a penal institution and requested judicial diversion. The trial court denied judicial diversion and sentenced the Defendant as a Range I, standard offender to four years incarceration in the Tennessee Department of Correction, suspended after sixty days confinement. The Defendant now appeals, arguing that the trial court erred in denying her pretrial diversion, judicial diversion or full probation.

## I. FACTS

In August 1999, the eighteen-year-old Defendant was arrested for delivering 2.7 grams of marijuana to an inmate in the Carroll County Jail. The drugs were sewn into the waistband of a pair of blue jeans. At the sentencing hearing, the Defendant testified that the man that she was dating was in jail and asked her to bring him some clothes. The Defendant testified that on the day of the offense, she got a phone call from a man who told her to meet him in the park to pick up a pair of jeans to take to the Defendant's boyfriend. The Defendant testified that she checked the jeans, but did not find any drugs. The Defendant's sixteen-year-old sister rode to the jail with the Defendant and took the jeans into the jail. When asked why she sent her sister into the jail with the jeans, the Defendant responded "I didn't have my shoes on. . . . I had hurt my foot. And she was a passenger and she said she would take them in."

The Defendant testified that she lives at home with her parents. The Defendant testified that she has a high school diploma and is licensed as a certified nursing assistant. However, due to her arrest and conviction, the Defendant has been unable to continue working at the nursing home where she was formerly employed. The Defendant testified that she had been working at Joe's Barbeque to make some extra money.

The Defendant's mother, Shirley Avery, also testified at the sentencing hearing. Avery testified that the Defendant was traveling with the wrong crowd when she committed the offense, but that she has since stopped associating with that crowd. Avery testified that if the Defendant were granted diversion or probation, she and her husband would help supervise the Defendant's activities.

The Defendant introduced a pretrial diversion report which showed that she had no prior criminal record. Although the State did not introduce any enhancement factors, the trial court accepted as evidence a letter from the Assistant Attorney General to defense counsel which contained information supporting an enhanced sentence. According to the State, the only information it received from the Defendant in support of the request for pretrial diversion was the application for certification of eligibility for diversion.

## II. ANALYSIS
### A. Pretrial Diversion

The Defendant argues that the District Attorney General abused his discretion in denying her pretrial diversion. Pretrial diversion allows the district attorney general to suspend prosecution for

a period of up to two years against a defendant who meets certain statutory requirements. See Tenn. Code Ann. § 40-15-105(a)(1)(A). In order to qualify for pretrial diversion, the defendant must not have previously been granted diversion under this statute; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary period for such prior conviction; and must not be seeking diversion for a Class A or B felony, a sexual offense, driving under the influence, or vehicular assault. Id. § 40-15-105(a)(1)(B)(i)(a)-(c). Such eligibility does not presumptively entitle a defendant to pretrial diversion, but rather places such a decision within the discretion of the district attorney so long as the defendant is statutorily qualified. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999).

It is the defendant's duty to demonstrate suitability for pretrial diversion. State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989); State v. Winsett, 882 S.W.2d 806, 809-10 (Tenn. Crim. App. 1993). However, this requirement does not relieve the prosecutor of his or her duty to consider and articulate all the relevant factors. Curry, 988 S.W.2d at 157. The district attorney is required to consider all relevant factors when determining whether or not to grant pretrial diversion. State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). The Tennessee Supreme Court has outlined the criteria that should be considered by the prosecutor in granting or denying pretrial diversion:

> When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983); see also Curry, 988 S.W.2d at 157.

Where pretrial diversion is denied by the district attorney, the factors and evidence considered in making the decision, along with the weight accorded to each factor, must be clearly set forth in writing. State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997); Winsett, 882 S.W.2d at 810. The district attorney general must do more than abstractly state that he or she has considered each of the factors. Herron, 767 S.W.2d at 156. Rather, the factors must be "clearly articulable and stated in the record." Hammersley, 650 S.W.2d at 355. Failure to consider and articulate all of the relevant factors constitutes an abuse of discretion. See Curry, 988 S.W.2d at 157-58.

A defendant who has been denied pretrial diversion by the district attorney has the right to petition for a writ of certiorari to the trial court for an abuse of prosecutorial discretion. Tenn. Code Ann. § 40-15-105(b)(3). Although presumptively correct, a trial court may overrule a district attorney's denial of pretrial diversion where there has been an abuse of discretion. State v. Watkins, 607 S.W.2d 486, 488 (Tenn. Crim. App 1980). However, the trial judge cannot simply substitute

his or her own judgment for that of the district attorney. Id. To show prosecutorial abuse of discretion, the record must lack any substantial evidence to support the denial of pretrial diversion. Curry, 988 S.W.2d at 158.

The legislature has vested the authority to prosecute a case or divert it with the prosecutor rather than the court. See Tenn. Code Ann. § 40-15-105; Carr, 861 S.W.2d at 858. In reviewing the prosecutor's denial of diversion, the trial court must look at all the relevant factors to determine whether the prosecutor considered them, and if he or she did not, to determine whether pretrial diversion is appropriate. Herron, 767 S.W.2d at 156; Carr, 861 S.W.2d at 858. In reviewing whether the prosecutor has abused his or her discretion regarding diversion, the trial court must undertake the same process required of the prosecutor in considering and weighing the relevant factors. Herron, 767 S.W.2d at 156.

In this case, the trial court properly found that the State did not abuse its discretion by denying the Defendant pretrial diversion. The State denied diversion based on the serious nature of the offense and the Defendant's involving her younger sister in the offense. The State noted that the Defendant did not have a prior criminal record, but found that the nature and circumstances of the offense outweighed that factor. The State also considered the deterrent effect of denying the Defendant's request for pretrial diversion, stating that the "introduction of drugs or contraband in to the Carroll County Jail is a very serious problem and is one that the jail personnel are constantly on alert to prevent." Although this may be a close case, we conclude that the record does not show an absence of any substantial evidence to support the State's refusal to grant pretrial diversion. See Curry, 988 S.W.2d at 158.

## B. Judicial Diversion

The Defendant argues that the trial court erred in declining to impose a sentence pursuant to Tennessee Code Annotated § 40-35-313, commonly referred to as judicial diversion. According to this statute, the trial court may in its discretion, following a determination of guilt, defer further proceedings and place a qualified defendant on probation without entering a judgment of guilt. Tenn. Code Ann. § 40-35-313(a)(1)(A). A qualified defendant is one who pleads guilty or is found guilty of a misdemeanor or a Class C, D or E felony; who has not previously been convicted of felony or a Class A misdemeanor; and who is not seeking deferral for a sexual offense or a Class A or Class B felony. Id. § 40-35-313(a)(1)(B)(I)(a)-(c); State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

When a defendant contends that the trial court committed error in refusing to grant judicial diversion, this Court must determine whether the trial court abused its discretion in failing to sentence pursuant to the statute. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998); State v. Cutshaw, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997). Judicial diversion is similar to pretrial diversion; however, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion is initiated by the trial court, not the prosecutor. State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). When a defendant challenges the trial

-4-

court's denial of judicial diversion, we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision. Cutshaw, 967 S.W.2d at 344; Parker, 932 S.W.2d at 958. As this Court said in Anderson,

> [w]e conclude that judicial diversion is similar in purpose to pretrial diversion and is to be imposed within the discretion of the trial court subject only to the same constraints applicable to prosecutors in applying pretrial diversion under T.C.A. § 40-15-105. Therefore, upon review, if "any substantial evidence to support the refusal" exists in the record, we will give the trial court the benefit of its discretion. Only an abuse of that discretion will allow us to overturn the trial court.

857 S.W.2d at 572 (citation omitted).

The criteria that the trial court must consider in determining whether a qualified defendant should be granted judicial diversion include the following: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) the deterrence value to the defendant and others. Cutshaw, 967 S.W.2d at 343-344; Parker, 932 S.W.2d at 958. An additional consideration is whether judicial diversion will serve the ends of justice, i.e., the interests of the public as well as the defendant. Cutshaw, 967 S.W.2d at 344; Parker, 932 S.W.2d at 958.

A trial court should consider the same factors in judicial diversion that it does in pretrial diversion. Cutshaw, 967 S.W.2d at 344. In addition, this Court should apply "the same level of review as that which is applicable to a review of a district attorney general's action in denying pretrial diversion." State v. George, 830 S.W.2d 79, 80 (Tenn. Crim. App. 1992). In denying judicial diversion, the trial court considered the same evidence and factors utilized by the District Attorney General in denying pretrial diversion. After considering the evidence, the trial court concluded that the Defendant was "not a suitable candidate for judicial diversion, either." Thus, we conclude, as we did regarding pretrial diversion, that the record does not show an absence of any substantial evidence to support the trial court's refusal to grant judicial diversion.

### C. Probation

The Defendant argues that the trial court erred in denying her full probation. When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety

of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). However, the sentence must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). Because the record in this case indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts, our review is de novo with a presumption of correctness.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

With certain exceptions, a defendant is eligible for probation if the sentence actually imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a). "Although probation 'must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law.'" State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997) (citing Tenn. Code Ann. § 40-35-303(b) sentencing comm'n cmts). In determining whether to grant or deny probation, the trial court may consider the circumstances of the offense; the defendant's criminal record, background and social history; the defendant's physical and mental health; the deterrent effect on other criminal activity; and the likelihood that probation is in the best interests of both the

public and the defendant.  State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).  The Defendant has the burden of establishing suitability for probation.  Tenn. Code Ann. § 40-35-303(b); Ashby, 823 S.W.2d at 169.   An especially mitigated or standard offender convicted of a Class C, D or E felony who does not fit within certain parameters[1] is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.  Tenn. Code Ann. § 40-35-102(6).

However, we further note that even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

(A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Id. § 40-35-103(1)(A)-(C).

First, the Defendant argues that she should have been sentenced as an especially mitigated offender.  A trial court may find a defendant to be an especially mitigated offender, if "(1) [t]he defendant has no prior felony convictions; and (2) [t]he court finds mitigating, but no enhancement factors."  Id. § 40-35-109(a)(1)-(2).  In this case, the trial court found that one enhancement factor applied:  The Defendant was the leader in the commission of an offense involving two or more criminal actors.  Id. § 40-35-114(2).  Thus, the Defendant was not eligible to be sentenced as an especially mitigated offender.

The Defendant argues that she should have received full probation.  However, the trial court found that the nature of the offense warranted some incarceration.  This Court has held that probation may be denied based solely on the circumstances of the offense when they outweigh all other factors favoring probation.  State v. Fletcher, 805 S.W.2d 785, 788-89 (Tenn. Crim. App. 1991).  In this case, the trial court noted that the Defendant used her younger sister to deliver drugs into the Carroll County Jail.

The trial court also considered the need for deterrence in sentencing the Defendant, stating, "I've noticed particularly within this county that it is a situation with increasing regularity."  Our supreme court has held that a trial court's decision to incarcerate a defendant based on a need for deterrence will be presumed correct so long as any reasonable person looking at the entire record could conclude that (1) a need to deter similar crimes is present in the particular community,

---

[1]Tennessee Code Annotated § 40-35-102(5) states that "[c]onvicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . ."

jurisdiction, or in the state as a whole, and (2) incarceration of the defendant may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes. State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). Hooper further provides factors to be considered by trial courts in deciding whether a need for deterrence is present and whether incarceration is "particularly suited" to achieve that goal. These factors include:

> (1) [w]hether other incidents of the charged offense are increasingly present in the community, jurisdiction, or in the state as a whole, (2) [w]hether the defendant's crime was the result of intentional, knowing or reckless conduct or was otherwise motivated by a desire to profit or gain from the criminal behavior, (3) [w]hether the defendant's crime and conviction have received substantial publicity beyond that normally expected in the typical case, (4) [w]hether the defendant was a member of a criminal enterprise, or substantially encouraged or assisted others in achieving a criminal objective, and (5) [w]hether the defendant has previously engaged in criminal conduct of the same type as the offense in question, irrespective of whether such conduct resulted in previous arrests or convictions.

Id. at 9-12. We conclude that the trial court properly considered deterrence in sentencing the Defendant.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE