# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
April 6, 2022 Session[1]

## STATE OF TENNESSEE v. OLAJOWON D. SMITH

**Appeal from the Circuit Court for Lauderdale County**
**No. 16-CR-2390     Joe H. Walker, III, Judge**
_____

## No. W2021-00730-CCA-R3-CD
_____

The Defendant, Olajowon D. Smith, entered guilty pleas to one count of possession of 0.5 ounces or more of marijuana with the intent to deliver, a Class E felony, and one count of unlawful possession of a weapon, a Class C misdemeanor. Although the Tennessee Bureau of Investigation ("TBI") provided a certification that the Defendant had no prior convictions disqualifying him from eligibility for diversion, the trial court found that he had previously served time in confinement for a Class A misdemeanor and that he was accordingly ineligible for diversion. The court sentenced the Defendant to an aggregate eighteen-month sentence, with sixty days to be served in confinement and the remainder on probation. The Defendant appeals, challenging the trial court's determination that his prior conviction was a Class A rather than a Class C misdemeanor and its failure to weigh the appropriate diversionary factors. We conclude that the evidence does not preponderate against the trial court's findings and that the trial court was not required to consider the diversionary factors once it determined the Defendant was ineligible for diversion, and we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

André C. Wharton, Memphis, Tennessee, for the appellant, Olajowon D. Smith.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Joni Glenn, Assistant District Attorney General, for the appellee, State of Tennessee.

_____

[1] Oral argument was heard at Union University in Jackson, Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

According to the facts stipulated at the plea hearing, the United States Marshals Service knocked on the door of an apartment on May 26, 2020, in an attemp to locate a fugitive. The occupants opened the door, and law enforcement could smell marijuana and see within plain view marijuana in sandwich bags on a countertop. In "clearing" the apartment while searching for the fugitive, they further observed scales, packaging materials, and "large bags of marijuana." They obtained a search warrant and found, in addition, multiple boxes of sandwich bags and an open safe with a loaded .40 caliber handgun. The Defendant was initially charged with the possession of 0.5 ounces or more of marijuana with the intent to deliver and possession of a firearm during the commission of a dangerous felony. *See* T.C.A. §§ 39-17-417(g)(1); 39-17-1324(a). The prosecutor stated at the plea hearing that the Defendant was pleading guilty to the Class E felony drug offense as charged and to an "amended" charge of unlawful possession of a weapon, a Class C misdemeanor. T.C.A. § 39-17-1307(a)(1), (a)(2)(A). The prosecutor noted that the Defendant was requesting judicial diversion and had a certificate from the TBI showing that he was eligible for diversion. The State submitted a presentence report reflecting three prior convictions from Tipton County, and the court was provided copies of the prior judgments from the Tipton County General Sessions Court.

The trial court determined that the Defendant had waived his right to a jury trial, and it accepted the guilty pleas. The Defendant testified that he regretted the offenses, that he hoped to be placed on diversion so that he could attend trucking school and start a career in trucking, and that he would abide by any conditions of probation. He confirmed on cross-examination that he had previous convictions for unlawful possession of a weapon and possession of marijuana but explained that he had been in a car where all the occupants were charged with the offenses. The Defendant was unemployed and lived with his grandmother, but he had previously maintained full-time employment as an "operator" at a company for two years, prior to the onset of a foot malady.

Attached to the presentence report was the Defendant's "Application for Certification of Eligibility for Diversion." The box regarding the certification indicated that "a query of the TBI Expunged Criminal Offender and Pretrial Diversion Database has been conducted pursuant to the above authorized request, and based upon the results of that query: *The defendant has not had a prior disqualifying felony or misdemeanor conviction*." (Emphasis added.) The certification was signed and dated. The certification contained a statement noting,

THIS DOES NOT CONSTITUTE A CERTIFICATION THAT THE DEFENDANT IS ELIGIBLE O[R] INELIGIBLE FOR DIVERSION UNDER TCA 40-35-313 OR TCA 40-15-105. THIS IS ONLY A CERTIFICATION THAT A RECORDS CHECK OF THE TBI EXPUNGED CRIMINAL OFFENDER AND PRETRIAL DIVERSION DATABASE HAS REVEALED QUALIFYING OR DISQUALIFYING INFORMATION UNDER THE CRITERIA SET OUT IN THE DIVERSION STATUTES REFERENCED ABOVE.

The presentence report indicated that the Defendant was convicted of contributing to the delinquency of a minor, simple possession of marijuana, and unlawful possession of a weapon in Tipton County on December 5, 2016. He was given a sentence of eleven months and twenty-nine days for each conviction, and the entry for the conviction for unlawful possession of a weapon stated the following disposition: "11/29 ALL SUSP. BUT 48 HRS. JAIL, FORFEIT HAND[]GUN; REPORT TO JAIL ON 2/10/17 AT 7 PM." The presentence report indicated that the jail records show that the Defendant served forty-eight hours in jail for this conviction. The trial court made an exhibit of the general sessions judgment forms. The general sessions judgment of conviction for unlawful possession of a handgun indicated that the Defendant pled guilty while representing himself. The sentence was eleven months and twenty-nine days, and the comments noted that all of the sentence but forty-eight hours was to be suspended and that the Defendant was to go into custody on February 10, 2017. The attached affidavit of complaint indicates that law enforcement initiated a traffic stop of a vehicle in which the Defendant was a passenger. A small amount of marijuana was discovered. Both the driver and a juvenile, who was the rear passenger, had guns in their pockets, and a weapon was found between the console and the passenger's seat, where the Defendant had been seated.

The trial court concluded that the Defendant did not qualify for diversion. In making its ruling, the trial court found that the Defendant had a conviction out of Tipton County for a Class A misdemeanor for which he had served a sentence of confinement. Defense counsel argued that the TBI had "cleared him" for eligibility and that the charge for which the Defendant served time in confinement was the Class C misdemeanor of unlawful possession of a weapon. The trial court responded that the "TBI doesn't look at the sessions matters," and it noted that it was concluding the Defendant was ineligible based on the judgment form. The trial court observed that the Defendant's sentence in the weapons conviction was for eleven months and twenty-nine days and found that, as the sentence exceeded that authorized for a Class C misdemeanor, the record established that the offense was a Class A misdemeanor. The court sentenced the Defendant to eighteen months for the drug offense, to be suspended to supervised probation after the

- 3 -

service of sixty days. It sentenced the Defendant to serve thirty days on probation and pay a $50 fine for the weapons offense. The Defendant appeals.

## ANALYSIS

The Defendant argues that the trial court erred in determining that he did not qualify for judicial diversion and in failing to consider the factors relevant to diversion in its denial. We conclude that the trial court did not err in its determination that the Defendant was ineligible for diversion and that the court was not required to examine the factors relevant to diversion once it had determined that the Defendant did not meet the requirements for eligibility.

When a qualified defendant pleads guilty or nolo contendere to certain designated felonies, the trial court may defer proceedings and place the defendant on probation without entering a judgment of guilt. T.C.A. § 40-35-313(a)(1)(A). "If the accused successfully completes the requisite probationary period, the trial court is required to discharge the accused and dismiss the proceedings," and the offender's record may be expunged. *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). The effect of expungement is to restore the defendant to the position occupied prior to arrest. *State v. King*, 432 S.W.3d 316, 323 (Tenn. 2014). If the probationary period is not successfully completed, then judgment is entered and a sentence is imposed. *Id.* Judicial diversion is a "legislative largess," and eligibility for diversion does not give rise to entitlement to diversion. *Id.*

Like other sentencing decisions, the decision to grant or deny diversion is reviewed for an abuse of discretion. *Id.* at 324-25. In this case, however, the issue raised is whether the Defendant was eligible for diversion, which is a mixed question of fact and law. The Defendant does not challenge the trial court's legal conclusion that a prior offense constituting a Class A misdemeanor for which he served time in confinement would disqualify him. *See Karen D. Brummitt v. State*, No. C.C.A. 311, 1990 WL 72230, at *1 (Tenn. Crim. App. June 4, 1990) (concluding on de novo review that the trial court erred when it determined as a matter of law that the defendant was ineligible for pretrial diversion based on the sentencing range); *State v. Andrew E. Thornton*, No. C.C.A. 830, 1989 WL 79987, at *1 (Tenn. Crim. App. July 21, 1989) (conducting a de novo review and concluding that the trial court did not err in determining, as a matter of law, that the defendant was ineligible for pretrial diversion based on the nature of the offense); *but see State v. Iris A. Jones*, No. M2013-00938-CCA-R3-CD, 2014 WL 4101210, at *7 (Tenn. Crim. App. Aug. 20, 2014) (concluding that the trial court abused its discretion by applying an incorrect legal standard in determining whether an offense was eligible for diversion). Instead, the Defendant challenges the trial court's factual finding that the prior offense was a Class A, rather than a Class C, misdemeanor. In general, a trial

court's factual findings are binding on the appellate court, so long as the evidence does not preponderate against them. *Kendrick v. State*, 454 S.W.3d 450, 479 (Tenn. 2015). The application of law to the facts is reviewed de novo. *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000).

The statute permits diversion for a "qualified defendant," and it lists various requirements for eligibility, including that the defendant "[h]as not previously been convicted of a felony or a Class A misdemeanor for which a sentence of confinement is served." T.C.A. § 40-35-313(a)(1)(B)(i)(*d*). The Defendant asserts that the trial court erred in finding that his prior weapons conviction, for which he served forty-eight hours in jail, was a Class A misdemeanor. He argues that the record was not sufficient to support that finding because the TBI certification indicated he was eligible for diversion, because the Tipton County judgment form did not sufficiently rebut the TBI's eligibility determination, and because the trial court had a duty to inquire further.

Under Tennessee Code Annotated section 40-35-313, the trial court may not enter an order granting diversion "unless there is attached to it a certificate from the Tennessee bureau of investigation stating that the defendant does not have a prior felony or Class A misdemeanor conviction." T.C.A. § 40-35-313(a)(3)(A). Accordingly, the TBI certificate is a necessary component of a grant of diversion. However, it is not, in itself, sufficient to establish eligibility for diversion:

> (B) The certificate provided by the bureau pursuant to subdivision (a)(3)(A) is only a certification that according to its expunged criminal offender and pretrial diversion database the defendant is not disqualified from deferral and probation under this section by virtue of a prior felony or Class A misdemeanor conviction. *The certificate is not a certification that the defendant is eligible for the deferral and probation, and it shall continue to be the duty of the district attorney general, and judge to make sufficient inquiry into the defendant's background to determine eligibility.*

T.C.A. § 40-35-313(a)(3)(B) (emphasis added).

The Defendant asserts that there was not sufficient evidence that the offense was a Class A misdemeanor for which he served a sentence of confinement, citing the statute under which he was convicted:

> (a)(1) A person commits an offense who carries, with the intent to go armed, a firearm or a club.

(2)(A) The first violation of subdivision (a)(1) is a Class C misdemeanor, and, in addition to possible imprisonment as provided by law, may be punished by a fine not to exceed five hundred dollars ($500).

(B) A second or subsequent violation of subdivision (a)(1) is a Class B misdemeanor.

(C) A violation of subdivision (a)(1) is a Class A misdemeanor if the person's carrying of a handgun occurred at a place open to the public where one (1) or more persons were present.

T.C.A. § 39-17-1307(a)(1) (2016). Accordingly, unlawful possession of a firearm under subsection (a) can be a Class A, B, or C misdemeanor, depending on the circumstances under which it is committed.

Here, the TBI issued the certificate indicating that it did not find any disqualifying convictions. The Defendant was previously convicted of three misdemeanor offenses, including unlawful possession of a weapon. The trial court was provided with the judgment forms from the Tipton County General Sessions Court and with a presentence report, both of which indicated that the sentence imposed for the weapons offense was eleven months and twenty-nine days. The trial court considered the TBI certificate, which certified that the Defendant had no disqualifying convictions. However, it properly determined that the certificate was not dispositive of eligibility and that the court was required to "to make sufficient inquiry into the defendant's background to determine eligibility." T.C.A. § 40-35-313(a)(3)(B). Both the presentence report and the judgment sheet introduced into evidence indicated that the sentence imposed was a sentence of eleven months and twenty-nine days, with forty-eight hours to be served in confinement. The trial court noted that this sentence exceeded that authorized for a Class C misdemeanor. Tennessee Code Annotated section 40-35-111 provides:

(e) The authorized terms of imprisonment and fines for misdemeanors are:

(1) Class A misdemeanor, not greater than eleven (11) months, twenty-nine (29) days or a fine not to exceed two thousand five hundred dollars ($2,500), or both, unless otherwise provided by statute;

- 6 -

      (2) Class B misdemeanor, not greater than six (6) months or a fine not to exceed five hundred dollars ($500), or both, unless otherwise provided by statute; and

      (3) Class C misdemeanor, not greater than thirty (30) days or a fine not to exceed fifty dollars ($50.00), or both, unless otherwise provided by statute.

T.C.A. § 40-35-111(e).   The trial court correctly determined that the sentence imposed was not statutorily authorized for a Class B or Class C misdemeanor.   Rather than speculating that the sentence was illegal, *see State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015), the trial court concluded that the offense was a Class A misdemeanor.  The Defendant asserts that the sentence was not in itself sufficient proof of the Class of the offense.

Generally, "those who are statutorily eligible are not presumptively entitled to diversion; rather, it is extraordinary relief for which the defendant bears the burden of proof." *State v. Faith Renea Irwin Gibson*, No. E2007-01990-CCA-R3-CD, 2009 WL 1034770, at *4 (Tenn. Crim. App. Apr. 17, 2009) (citing *State v. Curry*, 988 S.W .2d 153, 157 (Tenn. 1999); *State v. Baxter*, 868 S.W.2d 679, 681 (Tenn. Crim. App. 1993)).  In particular, "a defendant seeking judicial diversion has 'the burden of showing the trial court that the defendant is in fact statutorily qualified for judicial diversion.'" *See State v. James R. Baysinger*, No. E2018-02295-CCA-R3-CD, 2019 WL 7049684, at *6 (Tenn. Crim. App. Dec. 23, 2019) (quoting *State v. Jonathan Ray Sender*, No. M2009-01713-CCA-R3-CD, 2010 WL 4398720, at *4 (Tenn. Crim. App. Nov. 8, 2010)).  We conclude that the evidence does not preponderate against the trial court's determination that the offense was a Class A misdemeanor.  Under statute, the prior offense was either a Class A, B, or C misdemeanor, depending on the circumstances under which it was committed. The sentence imposed exceeded that statutorily authorized for a Class B or C misdemeanor but was within the range of sentences authorized for a Class A misdemeanor.  While the Defendant speculates that there was "some clerical error" in the Tipton County General Sessions judgment, he bore the burden of establishing his eligibility for diversion by showing that he had not previously been convicted of a Class A misdemeanor for which he served time in confinement.  The trial court, having been presented with proof in the form of the TBI certificate and with proof of a prior conviction with a Class A misdemeanor sentence, found that the prior conviction was a Class A misdemeanor for which the Defendant served time in confinement, and it determined that the Defendant was not eligible for diversion.  We conclude that the evidence does not preponderate against the trial court's finding.

The Defendant also asserts that the trial court committed error in failing to consider the factors relevant to diversion on the record. Generally, in determining whether judicial diversion is appropriate, a trial court must consider:

> (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. The trial court should also consider whether judicial diversion will serve the ends of justice—the interests of the public as well as the accused.

*Parker*, 932 S.W.2d at 958 (footnote omitted). In addition to considering these factors, the trial court must weigh them against one another and place an explanation of its ruling on the record. *King*, 432 S.W.3d at 326 (citing *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998)).

However, the trial court in this case denied diversion based solely on the threshold determination that the Defendant was ineligible. The consideration of the *Parker* and *Electroplating* factors takes place "[a]fter a defendant is deemed 'qualified,' but prior to the grant or denial of judicial diversion." *King*, 432 S.W.3d at 326. This court has previously rejected a contention that it was error for a trial court to refuse to consider the relevant factors when eligibility for diversion was not established. *James R. Baysinger*, 2019 WL 7049684, at *6 (the trial court was not presented with a TBI certificate and was not required to make findings on the factors). "Unless a defendant is qualified, further determinations by the trial court on the issue of granting or denying judicial diversion [are] pointless." *Jonathan Ray Sender*, 2010 WL 4398720, at *4; *see State v. Steven Matthew Messer*, No. E2013-00647-CCA-R3-CD, 2014 WL 259706, at *3 (Tenn. Crim. App. Jan. 22, 2014). The trial court, having determined that the Defendant did not establish his eligibility for diversion, was not required to examine the factors which would have informed its decision to either grant or deny diversion to an eligible candidate.

The Defendant does not challenge the trial court's sentencing determination apart from the contention that the court erred in denying diversion. Because we have concluded that the trial court did not err, we affirm the judgments.

## CONCLUSION

Based on the foregoing, the judgments of the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE